## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE  DIVISION

Cardinal Coil Tubing, LLC                          Civil Action No. 15-01480

versus                                           Magistrate Judge Carol B. Whitehurst

Freedom Well Services, LLC                          By Consent of the Parties

## MEMORANDUM RULING

Before the Court is an unopposed[1] motion for summary judgment and for attorney's fees filed by Plaintiff, Cardinal Coil Tubing, L.L.C. ("Cardinal") [Rec. Doc. 16] moving the Court for summary judgment and for entry of a Judgment ordering the defendant, Freedom Well Services, L.L.C. ("Freedom") to pay to Cardinal the sum of $680,611.10 and Cardinal's reasonable attorney's fees.

The fact that the motion is unopposed does not necessarily mean plaintiff should prevail on the merits.  "A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule. The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed." *Hetzel v. Bethlehem Steel Corp.*,  50 F.3d 360, 362 (5th Cir. 1995)(citing *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir.1985)).  However, failure to file an opposition and statement of contested material facts requires the Court to deem plaintiff's statements of uncontested material facts admitted for purposes of the motion.

---

[1]  Pursuant to Local Rule L.R. 7.5W, the deadline for filing any opposition to Cardinal's January 10, 2016 motion was February 1, 2016. *LR. 7.5.*

*Local Rule, LR 56.2W.*

*Analysis*

Cardinal's Uncontested Material Facts provide the following facts of this action. *R. 16.* During November and December of 2014, Cardinal provided professional services, personnel and/or equipment to Freedom on open account. Cardinal issued the following invoices to Freedom for payment for these services, personnel and/or equipment: (1) No. 297, dated November 9, 2014, for $123,240.25, *R. 16-2*; (2) No. 313, dated December 12, 2014, for $167,873.03, *R. 16-3*; (3) No. 318, dated December 16, 2014, for $124,980.02, *R. 16-4*; (4) No. 319, dated December 18, 2014, for $40,155.50, *R. 16-5*; (5) No. 314, dated December 21, 2014, for $120,834.05, *R. 16-6*; and, (6) No. 320, dated December 25, 2016, for $103,528.25, *R. 16-7*.

The record indicates that Freedom provided no payment to Cardinal on any of the aforesaid invoices which total the sum of $680,611.10. By letter dated February 7, 2015, Cardinal sent, and Freedom received, written demand of payment of the total outstanding sum of $680,611.10 via U.S.P.S. certified mail, return receipt requested. *R. 16-8; 16-9*. Freedom failed to pay the total outstanding sum of $680,611.10 within thirty days of receiving the February 7, 2015 letter.

The record further indicates that Freedom has not provided any evidence or identified any specific facts to refute that Cardinal provided professional services, personnel and/or equipment to them on open account. *R. 16-10, Aff. of Kartsimas*. As Freedom has not paid the outstanding sum of $680,611.10 and has not provided any evidence or identified any

2

specific facts to refute that this amount remains due and owing to Cardinal by Freedom, the Court finds that Freedom is liable to Cardinal for the sum of $680,611.10. Accordingly, the Court will grant Cardinal's motion for summary judgment.

Cardinal further asserts that it is entitled to attorney's fees in this suit on open account, pursuant to La. R.S. 9:2781. In Louisiana, "[a]ttorneys [sic] fees are not allowed except where authorized by contract or statute." *State, Dep't. of Transp. and Dev. v. Wagner*, 38 So.3d 240, 241  (La. 2010).

Louisiana Revised Statutes 9:2781, governing suits on open accounts, provides, in pertinent part:

> A. When any person fails to pay an open account within  thirty days after the claimant sends written demand therefor correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant. Citation and service of a petition shall be deemed written demand for the purpose of this Section....
>
> ...
>
> D. For the purposes of this Section ..., "open account" includes any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions. "Open account" shall include debts incurred for professional services....
>
> ...
>
> F. If the judgment creditor incurs attorney fees after judgment on the principal demand associated with enforcement of the judgment, the judgment creditor may obtain judgment for those attorney fees and additional court costs by filing a rule to show cause along with an affidavit from counsel for the judgment creditor setting forth the attorney fees incurred. If the judgment debtor does not file with the court a memorandum in opposition at least eight days prior to the hearing on the rule, the court may award the attorney fees and

3

court costs as prayed for without the necessity of an appearance in court by counsel for the judgment creditor.

As provided in the foregoing, the Court has determined that it will grant Cardinal's motion for summary judgment finding that Freedom is liable for the full amount of the invoices owed to Cardinal. As such, the outstanding amount owed to Cardinal constitutes an "open account." The invoices evidencing the debt were issued as a result of, *inter alia,* Cardinal providing professional services to Freedom. Finally, the record provides that Cardinal has complied with the requirements of La. R.S. 9:2781. Thus, an award of attorney's fees is appropriate in this case and Cardinal may file a rule to show cause along with an affidavit from its counsel setting forth the attorney fees incurred.

*Conclusion*

For the foregoing reasons, the Court finds that Cardinal's unopposed motion for summary judgment is well-grounded in law and fact, and having complied with all requirements of La.Rev.Stat. § 9:2781, Cardinal is entitled to summary judgment in its favor on its open account claim, as well as its claims for legal interest and attorney's fees against Freedom.

Thus done and signed this 16th day of February, 2016, at Lafayette, Louisiana.

**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**