UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Cardinal Coil Tubing, LLC                                          Civil Action No. 15-01480

versus                                                             Magistrate Judge Carol B. Whitehurst

Freedom Well Services, LLC                                         By Consent of the Parties

**ORDER**

Before the Court is a Motion For Attorney's Fees and Costs filed by Plaintiff, Cardinal Coil Tubing, L.L.C. ("Cardinal") [Rec. Doc. 23]. Cardinal filed this lawsuit against defendant Freedom Well Services, LLC under the Louisiana open account statute, La. R.S. § 9:2781, for payment owed on an outstanding invoice for the sum of $680,611.10. On February 16, 2016, the Court entered a Judgment granting the unopposed Motion For Summary Judgment filed by Cardinal and instructing that Cardinal "file an affidavit of attorney's fees and costs incurred in obtaining this Judgment pursuant to La. R.S. 9:2781." *R. 20*. In its Memorandum Ruling, the Court stated:

> Finally, the record provides that Cardinal has complied with the requirements of La. R.S. 9:2781. Thus an award of attorney's fees is appropriate in this case and Cardinal may file a rule to show cause along with an affidavit from its counsel setting forth the attorney fees incurred.

*Id*.

Louisiana's open account statute, La. R.S. § 9:2781, provides for an award of reasonable attorney's fees for the prosecution and collection of a claim when judgment on the claim is rendered in favor of the claimant. La. R.S. § 9:2781(A). Thus, an award of

attorney's fees is appropriate in this case.

Importantly, "[d]istrict courts are vested with great discretion in arriving at an award of attorneys' fees." *ORX Resources, Inc. v. MBW Exploration, L.L.C.*, 32 So.3d 931, 938 (La.App. 4 Cir. 2/10/10). However, under Louisiana law, the trial court must award a reasonable fee commensurate with the required level of legal services performed. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 690 (5th Cir.1991). Moreover, in evaluating a motion for attorney's fees, the court must consider the entire record, including discovery, pretrial motions, the number and complexity of the legal issues involved, and the length of trial, if applicable. *Richardson v. Parish of Jefferson*, 727 So.2d 705, 707 (La.App. 5 Cir. 2/10/99) ("A reasonable attorney's fee is determined by the facts of an individual case.").

Cardinal seeks to recover attorney's fees in the amount of $12,460.00 for 35.6 hours of legal work, at a rate of $350.00 per hour. Some of the factors that guide the Court's discretion are the ultimate result obtained, the amount involved, the extent and character of labor performed, the legal knowledge, skill, and diligence of counsel, the number of appearances made, the intricacies of the facts and law involved, and the court's own knowledge. *State, Dept. of Transp. and Development v. Williamson*, 597 So.2d 439, 442 (La.1992).[1] *See also S. Jackson & Son, Inc. v. Aljoma Lumber, Inc.*, 93–2531 (La.App. 4 Cir. 5/26/94) 637 So.2d 1311, 1313 (same).

Here, Cardinal prevailed on an action to recover the unpaid balance of an open

---

[1] These factors are derived from Rule 1.5(a) of the Rules of Professional Conduct. *See State, Dept. of Transp. And Development*, 597 So.2d at 442 n. 9.

account, totaling $680,611.10. Judgment was rendered in favor of Cardinal within one year of filing the lawsuit. The Court is assisted in its determination by the itemized billing statements and affidavit of attorney Kenneth W. DeJean. While Mr. DeJean did not provide the Court with a resume or any information related to his background and experience, the Court is personally aware that Mr. DeJean has over 35 years of litigation experience and is well-respected within the legal community. The Court is also aware that Mr. DeJean has experience in litigating complex cases. While this case presented a simple collection matter on unpaid invoices that the defendant essentially admitted were owed, counsel obtained a favorable judgment for his client.

Having considered the foregoing facts in light of the factors articulated by the Louisiana Supreme Court in *State, Dept. of Transp. and Development v. Williamson*, the Court concludes that attorney's fees claimed in this matter are reasonable. The Court notes that Louisiana courts have routinely upheld 25% attorney's fees as reasonable in open account cases. See, e.g., *Midland Funding, LLC v. Urrutia*, 131 So.3d 474, 475 (La.App. 5 Cir.,2013); *Cardinal Wholesale Supply, Inc. v. Rainbow Floor Covering, Inc.*, 432 So.2d 419 (La.App. 1 Cir.1983); *Dyna Int'l. Corp. v. Mashburn*, 397 So.2d 1080 (La.App. 4 Cir.1981); *Monlezun v. Fontenot*, 379 So.2d 43 (La.App. 3 Cir.1979). In this case, the amount sought, is far less than 25% of the judgment.

In addition to attorney's fees, Cardinal seeks an award of $632.73 in costs and expenses associated with obtaining this Judgment, which is supported by Mr. DeJean's

affidavit. Thus, the Court will award Cardinal a total sum of $13,092.73 in attorney's fees and costs and expenses.

**IT IS ORDERED** that the Motion For Attorney's Fees and Costs filed by Plaintiff, Cardinal Coil Tubing, L.L.C. ("Cardinal"), [Rec. Doc. 23] is GRANTED in the total sum of $13,092.73.

**THUS DONE AND SIGNED** this 6th day of April, 2016 at Lafayette, Louisiana.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE